UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

FRANCES M. DALE            )
                           )
    Plaintiff              )    Case No.:
                           )
v.                         )
                           )
MGMT CORP. d/b/a VERSAILLES )
COIN LAUNDRY               )
                           )
    Defendants             )
_____)

## COMPLAINT

## INJUNCTIVE RELIEF DEMANDED

**COMES NOW** Plaintiff, FRANCES M. DALE, (hereinafter "Plaintiff"), by and through undersigned counsel, and hereby files this Complaint against Defendants MGMT CORP. d/b/a VERSAILLES COIN LAUNDRY, (hereinafter "Defendants") for Injunctive Relief, attorney fees, litigation expenses, and costs, including but not limited to, court costs and expert fees, pursuant to the American Disability Act , 42 U.S.C.§12181, et seq. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. P. 36 ("ADAAG") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C.§§ 1331 and 1343, for Plaintiff's claims arising under 42 U.S.C. §12181, et seq. based upon Defendants failure to remove physical barriers to access and Defendants' violations of Title III of the ADA. *See also*, 28 U.S.C. §§ 2201, 2202.

2. Venue is proper to this Court, Fort Lauderdale Division, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to the instant lawsuit occurred in Broward County, Florida.

## **PARTIES**

3. Plaintiff, FRANCES M. DALE, a resident of the State of Florida, lives in Broward County, Fl., is *sui juris,* a disabled individual as defined by the ADA. Plaintiff has suffered from ankle arthrodesis with screw fixation with bone grafting from the hip after an accident in 1989, for which she had surgery in 1990. She is permanently disabled due to the loss of natural motion in ankle and loose fragments of bone that float around the ankle joint and pinch the nerve. She is required to traverse in a wheelchair, and is substantially limited to performing one or more major life activities including, but not limited to, walking and standing. Plaintiff uses a wheelchair for mobility purposes.

4. Defendant, MGMT CORP. d/b/a VERSAILLES COIN LAUNDRY, is a Florida Corporation and transacts business in the State of Florida and within this judicial district. It operates the business located at, 205 SW 125th Avenue, Plantation, Florida, referred to in this Complaint as "the Facility", and is also the owner of the real property and improvements which are the subject of this action.

5. Plaintiff personally visited the Facility on May 24, 2016, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, privileges and accommodations offered therein, even though she is classified as a "Bona Fide Patron" because of her disabilities.

6. On the above-stated date, Plaintiff traveled to the Facility and Property as a Customer and encountered the barriers to access the Facility and Property further detailed in the instant Complaint, engaged those barriers, suffered legal harm, and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers discussed below.

2

7. Plaintiff intends to visit the Facility and Property within six months, or sooner, as soon as the Facility and Property are accessible.

## FACTUAL ALLEGATIONS AND CLAIMS

8. On July 28, 1990, Congress enacted the American with Disabilities Act, 42 U.S.C. §12101, et seq.

9. Congress found, among other things, that:

   i. some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older.

   ii. historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   iii. discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

   iv. individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs or other opportunities, and;

   v. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

10. Congress explicitly stated that the purpose of the ADA was to:

      i. Provide a clear and comprehensive national mandate for the elimination of discrimination against the individuals with disabilities;

      ii. provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities, and;

      iii. invoke the sweep of congressional authority, including the power t enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4),

11. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title II of the ADA was January 26, 1992, or January 26, 1993; if a defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C.§12181; 28 C.F.R. §36.508(a).

12. The Facility is a public accommodation and service establishment. The Property is a public accommodation and service establishment.

13. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1993, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA, 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 28, 1993, if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C.§1281 et seq., and 28 C.F.R. §36.508(a).

14. The Facility must be, but is not, in compliance with the ADA and ADAGG. The Property must be, but is not, in compliance with the ADA and ADAGG.

4

15. Plaintiff has attempted to and has, to the extent possible, accessed the Facility and Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities and the physical barriers to access, dangerous conditions, and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

16. Plaintiff intends to visit the Facility and Property again in the very near future, as a customer, in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Facility and Property; but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions, and ADA violations that exist at the Facility and Property, including those barriers, conditions and ADA violations that are more specifically set forth in this Complaint.

17. Defendants have discriminated against the Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions, and ADA violations - which Plaintiff experienced and/or observed - precluded and/or limited Plaintiff's ability (because of her disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, which include:

**ACCESSIBLE ELEMENTS:**

    a. There are no Access Signs marking the accessible parking spaces located at the Facility and/or Property in violation of Sections 216.5 and 502.6 of the 2010 ADAAG, this violation made it difficult for the Plaintiff to locate accessible parking space.

**RESTROOMS**

a. The Facility and/or Property lacks proper restroom signage in compliance with sections 216.8 and 703 of the 2010 ADAAG, this violation made it difficult for the Plaintiff to locate accessible restroom without assistance.

b. The restroom in the Facility and/or Property lacks rear wall grab bar in violation of Section 604.5.2 of the 2010 ADAAG. This violation made it difficult and dangerous for the Plaintiff to transfer to the toilet and to safely utilize the restroom facilities.

c. The restroom in the Facility and/or Property lacks a side wall grab bar in violation of Sections 609 and 604.8.1.5 of the 2010 ADAAG. This violation made it difficult and dangerous for the Plaintiff to transfer to the toilet and to safely utilize the restroom facilities.

d. The restroom in the Facility and/or Property lacks an accessible paper towel dispenser in violation of Sections 308 and 604.7 of the ADAAG, denying Plaintiff equal use and/or access to this public feature without assistance.

e. The restroom in the Facility and/or Property lacks an accessible soap dispenser in violation of Sections 308 and 604.7 of the ADAAG, denying the Plaintiff equal use and/or access to this public feature without assistance.

f. The entrance door of the accessible restroom of the Facility and/or Property lacks the proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG regulations, this violation made it difficult for the Plaintiff to utilize the restroom facilities without assistance.

    g. The accessible toilet stall located in the restroom of the Facility and/or Property lacks a clear turning space in violation of Sections 304 through 304.3.2 of the 2010 ADAAG regulations, this violation made it difficult for the Plaintiff to access and/or use said restroom safely and without assistance.

    h. The door of the restroom entrance of the Property and/or Facility lacks a proper maximum maneuvering clearance in violation of Sections 404.2.3 and 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff to utilize said restroom facilities while using a wheelchair.

18. Plaintiff encountered all of the above violations upon visiting said Property and/or Facility.  Plaintiff requires an inspection, of the Facility and/or Property in order to corroborate the barriers which the Plaintiff encountered.

19. All of the above violations are readily achievable to modify in order to bring the Facility and/or Property into compliance with the ADA.

20. The removal of the physical barriers and dangerous conditions present at the Facility and/or Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendant has the financial resources to make the necessary modifications.

21. Upon information and belief, the Facility and/or Property has been altered since 2010.

22. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed paragraph 18 can be applied to the 1991 ADAAG standards.

23. Plaintiff has attempted to gain access to the Facility and/or Property in her capacity as a customer, but because of her disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Facility and/or Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove unlawful barriers and conditions and comply with the ADA.

24. The removal of physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. §12182(b)(2)(A); 42 U.S.C.§12181(9); 28 C.F.R.§36.304.

25. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth therein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendants.

26. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of the instant action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §§ 12205, 12117.

27. Pursuant to 42 U.S.C. §12188(a) this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make

it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

  **WHEREFORE,** Plaintiff respectfully request that this Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove physical barriers to access and alter the subject Facility and Property to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award the Plaintiff her reasonable attorney's fees, litigation expenses and costs.

              Respectfully submitted,

Dated: June 16, 2016       *s/ Debi Gheorge-Alten*_____
              Debi Gheorge-Alten, Esq.
              Bar Number 123455
              Attorney for Plaintiff
              Debi Gheorge-Alten, P.A.
              E-Mail: daltenlaw@att.net
              P.O. Box 771105
              Coral Springs, FL 33077
              Telephone: (954) 575-9229/ Fax: (954) 575-9339